1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    IN RE: PG&E CORPORATION and        Case No.  25-cv-05609-HSG
     PACIFIC GAS AND ELECTRIC
8    COMPANY,                           **ORDER DENYING MOTION FOR
                                        LEAVE TO APPEAL**
9            Debtors.
                                        Re: Dkt. No. 1
10
11
12

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

13          Appellant Directors and Underwriters, who are non-parties to the Bankruptcy Action,

14   moved for a protective order from the Bankruptcy Court for relief from subpoenas issued by

15   certain bankruptcy claimants.  The Directors and Underwriters urged that the subpoenas violated

16   the automatic stay of discovery under the Private Securities Litigation Reform Act ("PSRLA") and

17   were intended as an end-run around the stay in a parallel securities case pending in federal district

18   court.  *See In re PG&E Corporation Securities Litigation*, Case No. 18-cv-03509-EJD.[1]  The

19   Bankruptcy Court denied this request, concluding that the PSLRA's stay of discovery did not

20   apply to the Bankruptcy Action.  *See* Dkt. No. 1-2, Ex. A.  The court reasoned that "the PSLRA

21   does not provide a safe harbor from third-party discovery from non-parties in the bankruptcy case,

22   regardless of their status as defendants in district court litigation . . . ."  *Id.* at 3.  The Directors and

23   Underwriters now seek relief from the Bankruptcy Court's order.  *See* Dkt. No. 1.

24          District courts have jurisdiction to hear appeals from final judgments, orders, and decrees

25   of a bankruptcy court.  *See* 28 U.S.C. § 158(a)(1).  A non-final bankruptcy court order can be

26

27   _____

28   [1] Since filing this appeal, the Directors and Underwriters have filed a motion to dismiss the fourth
     consolidated class action complaint in the securities case.  *See In re PG&E Corporation Securities
     Litigation*, Case No. 18-cv-03509-EJD, Dkt. No. 327.

1    reviewed on appeal only if this Court grants leave.  *See* 28 U.S.C. § 158(a)(3); *see also* Fed. R.

2    Bankr. P. 8002, 8004.  The Ninth Circuit has held that interlocutory appeals should be allowed

3    "sparingly and only in exceptional circumstances."  *See In re Cement Antitrust Litig. (MDL No.*

4    *296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).  Leave to appeal an interlocutory order is appropriate

5    where (1) there is a controlling question of law, (2) as to which a substantial ground for a

6    difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate

7    termination of the litigation.  *See id.*  In deciding whether to grant leave to appeal under

8    § 158(a)(3), courts look to the analogous provisions of 28 U.S.C. § 1292(b) governing review of

9    interlocutory district court orders by the courts of appeal.  *In re Belli*, 268 B.R. 851, 858 (B.A.P.

10   9th Cir. 2001); *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10,

11   2014).

12       The Court acknowledges the odd procedural posture here where securities claims are

13   pending in two different forums, before two different judges, at two different procedural stages.

14   Still, even under these unique circumstances, the Court finds that there is no basis to grant

15   interlocutory review.  Resolving whether the PSLRA's automatic stay of discovery should apply

16   to the securities claims in the Bankruptcy Action would not materially advance the litigation.  The

17   Directors and Underwriters suggest that the stay would save them time and expense as non-parties,

18   but offer no explanation how it would appreciably streamline the bankruptcy litigation itself.

19   Moreover, as the Bankruptcy Court explained in denying the protective order, "even if the district

20   court were to dismiss the defendants there, they would still need to respond to discovery here."

21   Dkt. No. 1-2, Ex. A at 3.  To the extent the Directors and Underwriters believe the requested

22   discovery is overly burdensome and disproportionate, they may seek appropriate relief from the

23   Bankruptcy Court to narrow its scope.[2]

24   //

25   //

26

27   _____

28   [2] In denying the Directors and Underwriters' request for a protective order, the Bankruptcy Court
     already expressed an interest in reducing unnecessary expense and duplication of effort, and
     directed the parties to meet and confer.  *See* Dkt. No. 1-2, Ex. A at 3–4.

United States District Court
Northern District of California

The Court therefore declines to exercise its discretion to hear the appeal and **DENIES** the motion.  Dkt. No. 1.  The Clerk is directed to close the case.

     **IT IS SO ORDERED.**

Dated:   1/5/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge